Honorable Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| U.S. Bank National Association, as securities intermediary, <br><br> Plaintiff, <br> v. <br><br> John Hancock Life Insurance Company (U.S.A.), <br><br> Defendant. | NO.  C10-1229 TSZ <br><br> AMENDED COMPLAINT AND JURY DEMAND |

COMES NOW Plaintiff U.S. Bank National Association, in its representative capacity as securities intermediary ("U.S. Bank"), by and through its attorneys, Wollmuth Maher & Deutsch LLP and Stafford Frey Cooper, P.C., and alleges upon knowledge as to its own actions and upon information and belief as to all other matters as follows:

## I.   THE PARTIES

1.      U.S. Bank  National Association is a national baking association with its principal corporate trust office in the State of Minnesota, and in its representative capacity as securities intermediary is the registered owner of a life insurance policy number UL 1200962 issued by defendant on September 1, 2004 (the "Policy") with

AMENDED COMPLAINT AND JURY DEMAND - 1

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

respect to the life of a non-party to this litigation (the "Insured Person").  At the time of the issuance of the Policy, the Insured Person was a resident of the State of Washington, and the original owner of the Policy (the "Original Policy Owner") was a limited liability company formed in the State of Washington with its principal place of business in the State of Washington.

2.      Upon information and belief, defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), a Michigan corporation with its principal place of business in Boston, Massachusetts, is licensed in the State of Washington and is engaged in the business of issuing life insurance policies throughout the United States.

## II.   JURISDICTION AND VENUE

3.      Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332(a) in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

4.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to claim occurred, or a substantial part of the property that is the subject of the action is situated, in this District.

## III.   FACTUAL BACKGROUND

5.      This action arises out of John Hancock's wrongful cancellation of the Policy after accepting substantial premiums for approximately four and a half years after the Policy's inception on September 1, 2004.  Since U.S. Bank rightfully acquired ownership and became the designated beneficiary of the Policy on or about December 28, 2007 John Hancock has received several hundreds of thousands of dollars in Policy payments.  Nevertheless, John Hancock has taken the position that it had the right to

AMENDED COMPLAINT AND JURY DEMAND - 2

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  cancel the Policy–which had a death benefit of $10 million at the time of cancellation–

2  because of an approximately $6,572.00 shortfall in one Policy payment.  At the time of

3  the cancellation, U.S. Bank was not aware that John Hancock claimed that U.S. Bank

4  was not current in its payment obligations to John Hancock, and it was not aware that

5  the Policy had been placed into a grace period, which as explained below is the

6  contractually mandated 61-day cure period that John Hancock must wait before

7  canceling the Policy for a failure to pay.  However, John Hancock's own

8  misrepresentations and omissions caused the plaintiff to fail to pay the amounts claimed

9  by John Hancock within the time frame demanded by John Hancock, and were the

10  reason why U.S. Bank was unaware that the Policy was in a grace period.  Once

11  plaintiff was made aware by John Hancock of the claimed shortfall, plaintiff promptly

12  tendered payment of the amount claimed, and such amount was kept for months by

13  John Hancock, only to be ultimately refused by it.  John Hancock's failure to

14  acknowledge its own culpability in U.S. Bank's initial failure to remit the additional *de*

15  *minimis* amount claimed to be owed, and its refusal to accept prompt payment of the

16  claimed amount upon becoming aware of the alleged shortfall, were both done in bad

17  faith.

18         6.      On or about August 27, 2004, the Original Policy Owner submitted an

19  application for insurance upon the life of the Insured Person, who then was a 79-year

20  old male and a resident of the State of Washington.  The application was for a Basic

21  Sum Insured of $3,300,000 and an Additional Sum Insured of $3,300,000, with the latter

22  amount increasing by $850,000 each year for the next five (5) years.  (All capitalized

23  terms used but not defined herein are intended to be as used or defined in the Policy.)

AMENDED COMPLAINT AND JURY DEMAND - 3

11633-031254 575603x

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   Upon information and belief, the application was brokered in the State of Washington

2   and was sent to John Hancock from the State of Washington.

3       7.      On September 1, 2004, John Hancock issued the Policy, with a Basic

4   Sum Insured of $3,300,000 and an Additional Sum Insured of $3,300,000, so that the

5   Total Sum Insured at that time was $6,600,000.  Because the Additional Sum Insured

6   increased by $850,000 for each of the first five years, the Total Sum Insured under the

7   Policy on September 1, 2008 was $10 million.  But for John Hancock's wrongful conduct

8   as described herein, the Total Sum Insured under the Policy on September 1, 2009

9   should have been $10,850,000.

10      8.      On or about December 28, 2007, the Original Policy Owner transferred its

11  ownership interest in the Policy to Coventry First LLC ("Coventry") "together with its

12  successors, assigns and nominees" and Coventry then transferred the Policy to U.S.

13  Bank on the same day.  Thereafter, John Hancock acknowledged U.S. Bank to be the

14  owner and beneficiary of the Policy, and began communicating with U.S. Bank, as

15  owner, and with Coventry, as servicer (the "Servicer"), with respect to the Policy.

16      9.      At the time that U.S. Bank acquired ownership of the Policy, it had a

17  significant Account Value and Surrender Value.  In April 2008, as permitted by Section

18  10 of the Policy, U.S. Bank requested that John Hancock provide a loan to U.S. Bank in

19  an amount equal to "the maximum available . . . from the cash value of the policy."  U.S.

20  Bank submitted its request using loan forms provided by John Hancock.  Shortly

21  thereafter, John Hancock sent U.S. Bank a check in the amount of $862,516.60 as loan

22  proceeds.  After U.S. Bank received such loan proceeds, periodic Policy payments

23  continued as required in order to maintain the Policy in force.

AMENDED COMPLAINT AND JURY DEMAND - 4

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

2

**A. The Policy's Requirement That John Hancock Provide Notice of Policy Default**

3      10.     Section 8 of the Policy provides that on each Grace Period Testing Date

4  (defined in Section 3 of the Policy, captioned "Definitions," as essentially, every quarter),

5  John Hancock performs a calculation to determine "if the total of all unpaid Section 9

6  charges as of such date are greater than the Surrender Value as of such date." Policy §

7  8. If so, a "Policy Default" occurs. Once a "Policy Default" occurs:

8
> An amount at least equal to the Default Payment must be received within a grace period of 61 days after the date of default. <u>We will send notice to your last known address</u> and to the last known address of any assignee of record with us <u>at least 31 days before the end of this grace period</u> specifying whether there is . . . a Policy Default and the Default Payment which you must make to cure the default.

9

10

11 Policy § 8 (emphasis added). (A copy of the Policy, without the initial application

12 appended thereto, is annexed hereto as Exhibit A.)

13      11.     Thus, if John Hancock performs the calculation required on a Grace

14 Period Testing Date and determines that a Policy Default has occurred, John Hancock

15 is required to send <u>written</u> <u>notice</u> to the owner of the Policy (1) that a "Policy Default" has

16 occurred, and (2) that a specific amount of money, referred to as the "Default Payment,"

17 must be received by John Hancock within 61 days to prevent the Policy from Lapsing.

18 John Hancock is <u>required</u> to send this written notice <u>at least 31 days before the Policy is</u>

19 <u>scheduled to Lapse.</u> The obvious intent of this provision is to prevent inadvertent

20 Lapses of the Policy and to allow the Owner an opportunity to cure a failure to pay

21 amounts owed under the Policy.

22

23

AMENDED COMPLAINT AND JURY DEMAND - 5

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

**B.    John Hancock's Failure to Notify U.S. Bank of the Purported Policy Default**

12.    John Hancock cancelled the Policy on or about May 1, 2009, claiming that U.S. Bank was in default and that cancellation was permissible because one of the payments made under the Policy was short by $6,572.00 and because U.S. Bank failed to cure that shortfall within the contractually mandated grace period.  However, U.S. Bank never received written notice from John Hancock that the Policy was in Policy Default, and would Lapse if additional payments were not made.  U.S. Bank never received such notice because, upon information and belief, John Hancock never provided U.S. Bank with written notice that the Policy was in Policy Default and would Lapse if additional payments were not made.  Furthermore, despite having opportunity to do so, John Hancock failed to even verbally or informally apprise plaintiff of the Policy Default and impending cancellation.  Instead, John Hancock fielded an inquiry about recent payments without noting the claimed shortfall and continued to accept and process payments made under the Policy during the grace period without notifying U.S. Bank that those payments did not satisfy the claimed shortfall.

13.    On or about February 9, 2009, in a telephone conversation, John Hancock confirmed to the Servicer that it had received a payment of $5,420.14 made in December 2008.  In that conversation, John Hancock did not state that the Policy was in Policy Default as of that date, that the Policy was at risk of a Policy Default on March 1, 2009, or that any further payment needed to be made in order to maintain coverage.

14.    On or about February 25, 2009, a check in the amount of $74,524.22 was mailed to John Hancock with respect to the Policy.

AMENDED COMPLAINT AND JURY DEMAND - 6

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

15.     On March 1, 2009, which according to John Hancock was a Grace Period Testing Date, John Hancock claims to have performed the calculation referenced in paragraph 10 above and determined that the Policy was approximately $800.00 short of the amount required to prevent a Policy Default.

16.     If the Policy was in Policy Default as of March 1, 2009, John Hancock was required under Section 8 of the Policy (quoted in paragraph 10 above) to provide notice of such Policy Default to U.S. Bank in order to permit U.S. Bank to cure such alleged Policy Default, and to include information apprising U.S. Bank of the amount of such "Default Payment which you must make to cure the default." Policy § 8.  John Hancock was obligated to provide such notice by April 1, 2009 (i.e., 31 days before the policy allegedly would Lapse), and U.S. Bank was required to make the Default Payment by May 1, 2009 (i.e., 61 days from the date of alleged Policy Default).  However, U.S. Bank never received such notice.  Upon information and belief, John Hancock never sent U.S. Bank such notice.

17.     On or about March 4, 2009, John Hancock cashed  the $74,524.22 check with respect to the Policy.  This amount is approximately $6,572 less than the amount John Hancock subsequently claimed U.S. Bank was required to pay in order to cure the alleged Policy Default.  John Hancock did not inform U.S. Bank that, in John Hancock's view, this payment was insufficient to satisfy U.S. Bank's payment obligations under the terms of the Policy.

18.     On or about March 9, 2009, the Servicer called John Hancock regarding the Policy.  During this telephone call, John Hancock did not advise the Servicer that there had been a Policy Default as of March 1, 2009, or that the Policy was in danger of

AMENDED COMPLAINT AND JURY DEMAND - 7

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900   FAX 206.624.6885

Lapse if a Default Payment was not made.  Similarly, John Hancock did not inform the Servicer that a payment of $6,572.00 was needed to prevent the Policy from lapsing. Instead, John Hancock only advised the Servicer that the Policy maintained a positive Surrender Value of $67,747.80.  By doing so, John Hancock affirmatively misled the Servicer into believing that there were no issues regarding the Policy.

19.    On or about April 29, 2009, John Hancock sent U.S. Bank a "Notice of Planned Premium" indicating a "Planned Premium" of $111,447.25, and a "Planned Premium Date" of April 29, 2009.[1]  (A copy of the Notice of Planned Premium is annexed hereto as Exhibit B.)  This notice contains no indication that John Hancock deemed the Policy to be in Policy Default as of March 1, 2009, or that the Policy was in danger of Lapse if a Default Payment was not made.  Of course, if a Policy Default had occurred on March 1, 2009, John Hancock should have already formally provided such notice to U.S. Bank in writing by April 1, 2009.

20.    In fact, throughout the period from March 1, 2009 to May 1, 2009, upon information and belief, John Hancock never provided U.S. Bank with written notice that the Policy was in Policy Default and would Lapse if additional payments were not made. Throughout that same period, U.S. Bank never received written notice from John Hancock that the Policy was in Policy Default and would Lapse if additional payments were not made.

---

[1] Under Section 3 of the Policy, the term "'Planned Premium' means the premium that is selected in the application for the policy which is intended to be paid on a regular modal basis."

AMENDED COMPLAINT AND JURY DEMAND - 8

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**C.**   **John Hancock's Lapse Notice**

21.   In early May 2009, John Hancock sent a "Lapse Notice" dated May 1, 2009 to U.S. Bank (the "Lapse Notice"), stating that the Policy "has terminated due to non-payment of premium due on March 11, 2009." (A copy of the Lapse Notice is annexed hereto as Exhibit C.)  U.S. Bank received no prior notice of any Policy Default and no prior notice that John Hancock intended to terminate the Policy if additional payments were not made.  Nor had U.S. Bank received any prior notice of a premium due on March 11, 2009.

22.   John Hancock's Lapse Notice contained incorrect and materially misleading information, and thus was a nullity.  If the Lapse Notice <u>was</u> correct that a premium had been due, but not paid, on March 11, 2009, then under Section 8 of the Policy (quoted in paragraph 10 above) U.S. Bank had 61 days from that date–or until <u>May 11, 2009</u>–to make a Default Payment and prevent the Policy from lapsing.  However, because John Hancock's Lapse Notice asserted that the Policy lapsed on <u>May 1, 2009</u>, the information contained in the Lapse Notice was incorrect.  In effect, John Hancock deprived U.S. Bank of at least ten (10) days of grace period, a period of time during which U.S. Bank could have paid the amount John Hancock claimed was due.  In fact, had John Hancock provided proper and accurate information, and correctly informed U.S. Bank that due to the March 1, 2009 alleged shortfall the Policy was going to Lapse on May 11, 2009, U.S. Bank would have been able to provide in a timely fashion the payment that John Hancock demanded.

AMENDED COMPLAINT AND JURY DEMAND - 9

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**D.      Subsequent Communications With John Hancock Regarding The Lapse Notice**

23.      Immediately upon receiving the "Lapse Notice" in May 2009, the Servicer contacted John Hancock on or about May 11, 2009, questioned the propriety of the Lapse Notice and advised John Hancock that U.S. Bank had not received any prior notice of a Policy Default.  In their conversations with the Servicer, the John Hancock representatives themselves seemed confused as to why the Policy would have lapsed, but disingenuously stated that they could not provide a hard copy of any prior notice of Policy Default because the Policy had lapsed.  In other words, John Hancock claimed on May 11, 2009, that because the Policy allegedly lapsed only ten days earlier, John Hancock was unable to access a hard copy of any prior notice of Policy Default.  Upon information and belief, John Hancock was unable to access any hard copy of any prior notice of Policy Default because no such notice letter existed, or had been sent.

24.      On or about May 11, 2009, John Hancock faxed the Servicer what John Hancock contended were internal records of a purported notice having been generated by John Hancock and sent to U.S. Bank.  (A copy of these internal records, as faxed by John Hancock on May 11, 2009, is annexed hereto as Exhibit D.)  This document appeared to be a screen shot from John Hancock's computer system, purportedly dated as of February 2, 2009 (see upper left-hand corner of document, fourth line), indicating a "Planned Premium Date" of March 12, 2009, a "Planned Premium" of $111,447.25, and a "Required Premium" of $81,095.58, and also contained, inter alia, the following statement:  "Should you decide to pay less than your Planned Payment, a minimum payment of $81,095.58 is required to prevent your policy from lapsing on 05/01/09."

AMENDED COMPLAINT AND JURY DEMAND - 10

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

(The purported notice letter that John Hancock claimed was generated by this internal 'screen shot' document will be referred to hereafter as the "First Purported Notice of Policy Default.")  Upon information and belief, John Hancock never sent to U.S. Bank the First Purported Notice of Policy Default.  U.S. Bank never received the First Purported Notice of Policy Default.

25.   Even assuming <u>arguendo</u> that the First Purported Notice of Policy Default <u>had</u> been sent by John Hancock on or about February 2, 2009, and received by U.S. Bank sometime thereafter, it did <u>not</u> comply with John Hancock's obligations under Section 8 of the Policy.  As quoted in paragraph 10 above, Section 8 of the Policy requires notice of a "Policy Default and the Default Payment which you must make to cure the default."  Policy § 8.  The First Purported Notice of Policy Default did <u>not</u> reference the terms "Policy Default" or "Default Payment," did <u>not</u> contend that a Policy Default had already occurred and did <u>not</u> provide notice of a "Default Payment which you must make to cure the default."  In other words, because the First Purported Notice of Policy Default (assuming it was sent at all, which U.S. Bank disputes) was sent <u>prior</u> to any purported Policy Default, it could not possibly satisfy John Hancock's obligation under Section 8 of the Policy to provide U.S. Bank with notice that a Policy Default <u>had</u> <u>occurred</u>.

26.   After a number of erroneous and dissembling explanations in May 2009 from John Hancock regarding why it contended the Policy had lapsed and what Default Notice had been sent to U.S. Bank, a John Hancock supervisor stated that there was a large loan out on this Policy and that John Hancock would not allow the Policy to be reinstated without re-underwriting.  In other words, although John Hancock issued a

AMENDED COMPLAINT AND JURY DEMAND - 11

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Policy in 2004 upon the life of a then 79-year old male, it wanted another opportunity to re-underwrite–and perhaps decline–the Policy now that the Insured Person was almost 84 years old.  And although loans against the Policy are expressly contemplated and permitted under Section 10 of the Policy, John Hancock apparently treats owners of insurance policies who exercise their rights to obtain loans under such policies differently from other policyholders.

E.     **John Hancock's Receipt of Payments After The Purported Policy Default and John Hancock's New Position on Its Notice of Policy Default**

27.     Because in May 2009, John Hancock still contended that an additional payment of approximately $6,572.00 was required in order to prevent the Policy from lapsing, such amount was wired to John Hancock on or about May 27, 2009.

28.     On or about May 27, 2009, $111,447.25 was also wired to John Hancock, in respect of John Hancock's Notice of Planned Premium dated April 29, 2009.

29.     On or about June 1, 2009, a check in the amount of $74,837.05 was mailed to John Hancock in respect of the Policy, and John Hancock cashed that check on or about June 8, 2009.

30.     On or about June 2, 2009, counsel for the Servicer wrote to John Hancock stating that "John Hancock's purported effort to terminate the Policy contravenes the Policy and constitutes bad faith." (A copy of this letter, dated June 2, 2009 is annexed hereto as Exhibit E.)  The Servicer's counsel pointed out, inter alia, that "John Hancock failed to provide notice required by [Section 8] of the Policy," and that "John Hancock provided misinformation concerning the status of the Policy." Id. at p.1

AMENDED COMPLAINT AND JURY DEMAND - 12

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

31.     John Hancock took almost two months to respond to the letter of counsel for the Servicer.  Despite having been placed on clear notice of its breaches of contract, bad faith and other wrongdoing, John Hancock refused to change its prior position that the Policy had lapsed on May 1, 2009.  However, by letter dated August 26, 2009, John Hancock now claimed for the first time that "a written notification of this Policy Default was sent, on or around <u>March 6, 2009</u>, to U.S. Bank. . . ." August 26, 2009 Letter from John Hancock, at p. 1 (emphasis added).  (A copy of this letter, dated August 26, 2009, is annexed hereto as Exhibit F.)  In other words, John Hancock now had completely abandoned its prior position that the First Purported Notice of Policy Default (<u>i.e.</u>, the purported notice generated by the February 2, 2009 "screen shot") constituted the notice required under Section 8 of the Policy, and now was claiming that some new, unspecified notice dated March 6, 2009 (the "Second Purported Notice of Policy Default") constituted the notice required by Section 8 of the Policy.

32.     To this day, John Hancock has not provided U.S. Bank with a copy of the Second Purported Notice of Policy Default.  U.S. Bank never received the Second Purported Notice of Policy Default.  Upon information and belief, John Hancock never sent to U.S. Bank the Second Purported Notice of Policy Default.

33.     Despite having received substantial payments under the Policy in late May and early June 2009, John Hancock's August 26, 2009 letter sought to excuse its acceptance and retention of such funds on the following grounds: "The payments directed to us after May 1, 2009 had been held by us in suspense pending what we had understood would be a request for reinstatement.  With no reinstatement now pending, those payments have been returned.  The owner will also be receiving shortly the

AMENDED COMPLAINT AND JURY DEMAND - 13

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900   FAX 206.624.6885

1    remaining Surrender Value of the Policy." See Exh. F hereto at p. 2.  These statements

2    by John Hancock were without basis and intended to provide some excuse for its prior

3    acceptance and retention of payments under the Policy.

4         34.    On or about August 24, 2009, a check in the amount of $96,847.53 was

5    mailed to John Hancock with respect to the Policy.  In early September 2009, John

6    Hancock returned the $96,847.53 check to U.S. Bank.  On or about August 26, 2009,

7    U.S. Bank received a check from John Hancock for $48,916.12 with respect to the

8    Policy.  U.S. Bank has not cashed that check.  John Hancock never explained what it

9    did with the substantial payments made with respect to the Policy in late May and early

10   June 2009.

11            **IV.   FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

12        35.    Plaintiff incorporates by reference all of the allegations set forth in

13   paragraphs 1 through 34 as though fully set forth herein.

14        36.    Plaintiff duly performed all of the obligations imposed on it under the

15   Policy and at all relevant times remained ready, willing and able to continue doing so.

16        37.    Pursuant to Section 8 of the Policy, defendant was obligated to provide,

17   inter alia, notice to plaintiff of (a) a Policy Default, and (b) a Default Payment required to

18   cure any Policy Default under the Policy.

19        38.    Defendant breached the Policy by failing to provide the notices required

20   under the Policy, and by providing inaccurate, incomplete and misleading information in

21   its communications with respect to the Policy.

22        39.    If the notices and information had been provided to plaintiff as required by

23   the Policy, plaintiff would have made the applicable Default Payment within the time

AMENDED COMPLAINT AND JURY DEMAND - 14

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

frame demanded by plaintiff and would not be subject to plaintiff's contention that the Policy lapsed.

40.     Defendant also breached the Policy by canceling the Policy when it had no right to do so.

41.     Defendant's breaches are material.

42.     Defendant's breaches have caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

## V.     SECOND CAUSE OF ACTION – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 42 as though fully set forth herein.

44.     At all relevant times herein, defendant's termination of coverage, failure to provide notice of any purported Policy Default and Default Payment, and failure to provide plaintiff with any meaningful ability to cure any purported Policy Default, were unreasonable and without adequate justification and therefore constitute a breach of the implied covenant of fair dealing, and bad faith.

45.     Defendant's decision to cancel the Policy constitutes bad faith because defendant failed to credit plaintiff for its substantial performance of the Policy and, at best, seized upon minor breaches, if any, that plaintiff easily could have cured if it had been given notice of such alleged breaches, as a pretext in order to terminate the Policy for reasons completely unrelated to the purported failure of plaintiff to pay approximately $6,572 in additional payments as demanded by defendant.

AMENDED COMPLAINT AND JURY DEMAND - 15

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254  575603x

46.     Defendant's false, inconsistent and varying explanations for its decision to cancel the Policy and its failure to reinstate the Policy constitute bad faith.

47.     In refusing to reinstate the Policy, defendant referred to the so-called large loans against the Policy, and stated that given such large loans, it would not reinstate the Policy without re-underwriting the Policy.  This reason for canceling the Policy is inconsistent with the Policy itself, which explicitly permitted such loans.  Moreover, defendant's decision to treat policies against which loans have been issued differently from other policies impermissibly discriminates among policyholders and policies and constitutes bad faith.

48.     In refusing to reinstate the Policy, defendant expressed its desire to re-underwrite the Policy in 2009, when defendant in 2004 had issued the Policy upon the life of a then 79-year old male.  Defendant's claims of breach of the Policy were pretextual in order to allow it the opportunity to re-underwrite–and perhaps decline–the Policy now that the Insured Person was almost 84 years old.  This pretextual reason for canceling the Policy constitutes bad faith.

49.     Defendant's practice of pretending to have its files unavailable within a matter of days following an alleged lapse of an insurance policy prejudices the ability of policyholders to establish coverage and constitutes bad faith.

50.     Defendant's practice of communicating with policyholders without advising them of a purported Policy Default, or advising them that their policy will lapse absent an additional payment, constitutes bad faith.

51.     Defendant's practice of sending only one notice of purported default to policyholders, if any such notice were sent at all, and failing to send a second notice to

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

even those policyholders who make a substantial partial payment constitutes unfair dealing and bad faith.

52.     Defendant's false, inconsistent and varying claim that it had provided the notice required under Section 8 of the Policy constitutes a breach of the implied covenant of good faith and fair dealing, and bad faith.

53.     During the investigation and evaluation of plaintiff's position, defendant failed to give plaintiff's interests at least as much consideration as its own interests, and thus constitutes bad faith.

54.     Defendant's failure to return all amounts due plaintiff under the Policy constitutes bad faith.

55.     As a result of the wrongful actions of defendant, plaintiff has not obtained all of the benefits to which it is entitled under the Policy, as well as all benefits to which it would have been entitled in the future.  Plaintiff has also suffered extra-contractual damages such as attorneys' fees, court costs and foreseeable economic losses as a consequence of defendant's wrongful actions.

56.     Defendant acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others.  Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that injury or damage to the plaintiff would result and, despite that knowledge, intentionally pursued the course of conduct that resulted in such injury.

57.     Defendant's breaches have caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

AMENDED COMPLAINT AND JURY DEMAND - 17

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

## VI.   <u>THIRD CAUSE OF ACTION –BAD FAITH</u>

58.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     At all relevant times herein, defendant had a duty to plaintiff to conduct itself in good faith respecting these insurance obligations.  That duty flowed from the Policy and from the statutory and regulatory obligations set forth elsewhere in this Complaint.

60.     As a result of the wrongful actions of defendant, plaintiff has suffered damages including, <u>inter alia</u>, attorneys' fees, court costs and foreseeable economic losses.

61.     Defendant acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others.  Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that injury or damage to the plaintiff would result and, despite that knowledge, intentionally pursued the course of conduct that resulted in such injury.

62.     Defendant's breaches have caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

## VII.   <u>FOURTH CAUSE OF ACTION –VIOLATION OF THE CONSUMER PROTECTION ACT</u>

63.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

AMENDED COMPLAINT AND JURY DEMAND - 18

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254  575603x

64.     Defendant has committed unfair and deceptive business acts or practices prohibited by the Washington Consumer Protection Act, RCW Chapter 19.86 in that it has committed the acts of malfeasance or misfeasance set forth in this Complaint.

65.     Defendant's misconduct constituted unfair or deceptive acts or practices occurring in the conduct of defendant's trade or commerce that affected the public and proximately caused injury to plaintiff.

66.     Defendant's wrongful conduct has caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.  Plaintiff is entitled to an award of compensatory damages, consequential and incidental damages, trebled as provided by statute, together with interest, reasonable attorneys' fees and costs as permitted by law.

**VIII.    FIFTH CAUSE OF ACTION –VIOLATION OF THE WASHINGTON INSURANCE CODE**

67.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68.     For the reasons set forth above, defendant violated the Washington Insurance Code, RCW Title 48, and particularly Chapter 48.30 thereof, and as well as the Washington Insurance Commissioner's regulations related thereto at WAC Chapter 284-30.

69.     Defendant's wrongful conduct has caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court. Plaintiff is entitled to an award of damages, trebled as provided by statute, together with interest, reasonable attorneys' fees and costs as permitted by law

AMENDED COMPLAINT AND JURY DEMAND - 19

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## IX.   SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT

70.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     Defendant's improper actions, as described above, have resulted in its unjust enrichment.  Defendant should not be allowed to retain the benefits that it unjustly received at plaintiff's expense.  Equity and good conscience require that such things of value be restored to plaintiff.

72.     Defendant should be made to pay to plaintiff in money damages the sums of all such benefits.

73.     In the alternative, defendant should be compelled to disgorge, into a common fund for the benefit of plaintiff, all proceeds unlawfully or inequitably received by it as a result of its participation in the conduct described above.

## X.   SEVENTH CAUSE OF ACTION – CONVERSION

74.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 73 as though fully set forth herein.

75.     Defendant's improper actions, as described above, constitute conversion.

76.     Without authorization or legal right, defendant wrongfully cancelled the Policy.  These acts constitute dominion wrongfully exerted over plaintiff's property in denial of, and inconsistent with, plaintiff's right in that property.

77.     Defendant's wrongful conduct has caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

AMENDED COMPLAINT AND JURY DEMAND - 20

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

## XI. __EIGHTH CAUSE OF ACTION –EQUITABLE ESTOPPEL__

78.     Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.     By the conduct described above, defendant is estopped from denying its obligations under the Policy to continue coverage upon the life of the Insured Person.

80.     Plaintiff rightfully relied upon the words and deeds of the defendant and in so relying, changed its position to its injury.

81.     Through its actions and omissions, defendant led plaintiff to believe that the Policy was not in Policy Default and that no further payments need be made prior to May 2009.  Defendant's representations were false.

82.     Defendant intended and expected plaintiff to rely upon defendant's false representations.

83.     Plaintiff relied upon defendant's misrepresentations which caused plaintiff to change its position to its substantial detriment.

84.     Plaintiff would be prejudiced by its reliance on the defendant's representations and omissions if defendant is allowed to deny the truth thereof.

85.     Defendant's wrongful conduct has caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

AMENDED COMPLAINT AND JURY DEMAND - 21

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## XII.   NINTH CAUSE OF ACTION –NEGLIGENT MISREPRESENTATION

86.    Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 85 as though fully set forth herein.

87.    In Defendant's communications with the plaintiff, defendant misled plaintiff into believing that the Policy was not in Policy Default and that no payment needed to be made prior to May 2009.  Defendant's representations were false.

88.    Defendant intended and expected plaintiff to rely upon defendant's false representations.

89.    Plaintiff relied upon defendant's misrepresentations which caused plaintiff to change its position to its substantial detriment.

90.    Defendant's breaches have caused plaintiff to sustain damages in an amount to be proven at trial, but in excess of the jurisdictional minimum required in this Court.

## XIII.   TENTH CAUSE OF ACTION – DECLARATORY JUDGMENT

91.    Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 90 as though fully set forth herein.

92.    This matter is ripe for a declaratory judgment pursuant to R.C.W. 7.24 because disputes exist between the parties regarding their respective rights and obligations with respect to the Policy.  A declaratory judgment is proper to determine the parties' rights and obligations with respect to the Policy.

93.    Plaintiff is entitled to a declaratory judgment that (i) defendant committed material breaches of the Policy; (ii) defendant breached the covenant of good faith and

AMENDED COMPLAINT AND JURY DEMAND - 22

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

1  faith dealing; (iii) defendant engaged in bad faith; (iv) defendant breached the

2  Washington Consumer Protection Act; (v) defendant breached the Washington

3  Insurance Code; (vi) defendant has been unjustly enriched; (vii) defendant engaged in

4  conversion; (viii) defendant is equitably estopped from denying coverage under, and/or

5  reinstatement of, the Policy; (ix) defendant negligently induced plaintiff to refrain from

6  paying the premiums demanded by defendant and thereby induced the purported lapse

7  of the Policy; and (x) that the Policy is in full force and effect, and the defendant's

8  cancellation of the Policy was wrongful.

9  ## XIV.   PRAYER FOR RELIEF

10  **WHEREFORE** Plaintiff respectfully requests that this Court grant relief as follows:

11  A.      Issuance of a judgment declaring that:  (i) defendant committed material

12  breaches of the Policy; (ii) defendant breached the covenant of good faith and fair

13  dealing; (iii) defendant engaged in bad faith; (iv) defendant breached the Washington

14  Consumer Protection Act; (v) defendant breached the Washington Insurance Code; (vi)

15  defendant has been unjustly enriched; (vii) defendant engaged in conversion; (viii)

16  defendant is equitably estopped from denying coverage under, and/or reinstatement of,

17  the Policy; (ix) defendant negligently induced plaintiff to refrain from paying the

18  premiums demanded by defendant and thereby induced the purported lapse of the

19  Policy; and (x) the Policy is in full force and effect, and that defendant's cancellation of

20  the Policy was wrongful.

21  B.      Compensatory damages in an amount to be determined at trial;

22  C.      Under the Washington Consumer Protection Act, compensatory damages,

23  consequential and incidental damages, trebled as provided by statute, together with

AMENDED COMPLAINT AND JURY DEMAND - 23

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seatle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

1  interest, reasonable attorneys' fees and costs as permitted by law;

2      D.      Under the Washington Insurance Code, compensatory damages,

3  consequential and incidental damages, trebled as provided by statute, together with

4  interest, reasonable attorneys' fees and costs as permitted by law.

5      E.      Issuance of an Order directing the Defendant to account for all gains,

6  profits and advantages derived from its wrongful acts and omissions;

7      F.      Issuance of an Order directing that all gains, profits and advantages

8  derived by defendant from its wrongful acts and omissions be deemed to be held in a

9  constructive trust for the benefit of plaintiff;

10     G.      Issuance of a judgment awarding U.S. Bank its costs and expenses in this

11 litigation, including but not limited to its attorneys' fees, expert fees, and other costs and

12 disbursements;

13     H.      Pre-judgment and post-judgment interest; and

14     I.      Such other and further relief as the Court may deem just and proper.

## XV.   DEMAND FOR JURY TRIAL

16      Plaintiff demands a trial by jury on all issues so triable.

AMENDED COMPLAINT AND JURY DEMAND - 24

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254 575603x

1    DATED this 6th day of August, 2010.

2          STAFFORD FREY COOPER

3          By: __Anne M. Bremner via ECF__
             Anne M. Bremner, WSBA #13269
4            James R. Lynch, WSBA# 39274

5          WOLLMUTH MAHER & DEUTSCH LLP
          William A. Maher
6         Vincent T. Chang
          Michael P. Burke
7         500 Fifth Avenue
          New York, New York  10110
8         Tel:  (212) 382-3300

9          *Attorneys for Plaintiff U.S. Bank*
          *National Association, as securities*
10         *intermediary*

11

12

13

14

15

16

17

18

19

20

21

22

23

AMENDED COMPLAINT AND JURY DEMAND - 25

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11633-031254  575603x