The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

U.S. BANK NATIONAL ASSOCIATION, as
securities intermediary,

                        Plaintiff,

              v.

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

                        Defendant,

CASE NO. 2:10-cv-01229 TSZ

ANSWER TO AMENDED COMPLAINT
AND JURY DEMAND

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

        Defendant The John Hancock Life Insurance Company (U.S.A.) ("John Hancock") hereby

responds to the Amended Complaint and Jury Demand of Plaintiff U.S. Bank National

Association ("U.S. Bank") dated August 6, 2010, as follows:

        1.      John Hancock denies knowledge or information sufficient to form a belief as to

whether U.S. Bank is a "national baking [sic] association with its principal corporate trust office in

the State of Minnesota."  John Hancock states that U.S. Bank was the purported owner of a life

insurance policy number UL 1200962 (the "Policy"), that the Policy bears an issue date of

September 1, 2004, and that the Policy has been properly terminated by John Hancock for non-

payment of premiums.  John Hancock further states that at the time of the issuance of the Policy,

the insured, who is not named as a party in the Amended Complaint, represented that he was a

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 1
CASE NO. 2:10-CV-01229 TSZ

1  resident of the State of Washington and the original owner represented that it was a limited

2  liability company with an address in the State of Washington, but denies knowledge or

3  information sufficient to form a belief as to the truth of these representations.  John Hancock

4  denies the remaining allegations in Paragraph 1 of the Amended Complaint.

5        2.      John Hancock admits that John Hancock Life Insurance Company (U.S.A.) is a

6  Michigan corporation with its principal place of business in Boston, Massachusetts, that

7  John Hancock Life Insurance Company (U.S.A.) is licensed in the State of Washington and most

8  other states of the United States, and that John Hancock Life Insurance Company (U.S.A.)

9  engages in the business of issuing life insurance policies in Washington and most other states of

10  the United States.  John Hancock denies the remaining allegations in Paragraph 2 of the Amended

11  Complaint.

12        3.      Regarding the allegations in Paragraph 3 of the Amended Complaint,

13  John Hancock admits that subject matter jurisdiction would be proper to the extent that the

14  jurisdictional facts alleged by the Plaintiff are true.  John Hancock, however, lacks knowledge or

15  information sufficient to form a belief as to the Plaintiff's citizenship.

16        4.      John Hancock admits the allegations in Paragraph 4 of the Amended Complaint.

17        5.      John Hancock denies the allegations in Paragraph 5 of the Amended Complaint,

18  except states that the Policy was properly terminated as of May 1, 2009 for non-payment of

19  premiums and that John Hancock complied with the notice provisions as set forth in the Policy.

20  John Hancock further states that U.S. Bank purports to have been the owner and designated

21  beneficiary of the Policy at the time it terminated, that the death benefit stated of the Policy was

22  $10 million, and that in excess of $100,000 in premium payments were made while the Policy was

23  in force.

24        6.      John Hancock states that John Hancock received an application from the original

25  policy owner on or about August 27, 2004, that the application represented that the individual to

26  be insured under the policy applied for was a 79-year old male and a resident of Washington, and

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 2
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   that the application purports to have been brokered in and submitted to John Hancock from the

2   State of Washington.  John Hancock denies the other allegations in Paragraph 6 of the Amended

3   Complaint and respectfully refers the Court to the application for its true, complete and accurate

4   contents and to the Policy for its true, complete, and accurate terms.

5          7.      John Hancock admits that the Policy bears an issue date of September 1, 2004,

6   respectfully refers the Court to the Policy for its true, complete, and accurate terms, and denies the

7   remaining allegations in Paragraph 7 of the Amended Complaint.

8          8.      John Hancock states that in December 2007, John Hancock acknowledged an

9   ownership change with regard to the Policy and updated its records to show that the owner and

10  beneficiary of the Policy was U.S. Bank, N.A. as Securities Intermediary, and thereafter

11  communicated from time to time with U.S. Bank regarding the Policy.  John Hancock further

12  states that in December 2007 John Hancock received a letter from U.S. Bank authorizing Coventry

13  First LLC (the "Servicer") to make inquiries and obtain information about the Policy, which the

14  Servicer did from time to time.  John Hancock denies knowledge or information sufficient to form

15  a belief as to the remaining allegations in Paragraph 8 of the Amended Complaint.

16         9.      John Hancock admits that as of December 2007, the Policy had a positive Account

17  Value and Surrender Value, that U.S. Bank subsequently requested and received a loan from

18  John Hancock pursuant to the Policy, that the check John Hancock sent to U.S. Bank for the loan

19  amount was for $862,516.60 and that further payments were submitted to John Hancock after the

20  loan was made.  John Hancock denies the remaining allegations in Paragraph 9 of the Amended

21  Complaint and respectfully refers the Court to the Policy for its true, complete, and accurate terms.

22         10.     John Hancock denies the allegations in Paragraph 10 of the Amended Complaint

23  and respectfully refers the Court to the Policy for its true, complete, and accurate terms.

24         11.     John Hancock denies the allegations in Paragraph 11 of the Amended Complaint

25  and respectfully refers the Court to the Policy for its true, complete, and accurate terms.

26

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 3
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1    12.    John Hancock denies the allegations in Paragraph 12 of the Amended Complaint

2 except states that the Policy was properly terminated for non-payment of premiums as of May 1,

3 2009, that John Hancock complied with the notice provisions as set forth in the Policy, that a loan

4 payment was received by John Hancock during the grace period, that John Hancock confirmed the

5 receipt of this loan payment in a call made to John Hancock on or about March 10, 2009, and that

6 this loan payment was not sufficient to cure the default or avoid termination of the Policy on May

7 1, 2009.

8    13.    John Hancock denies the allegations in Paragraph 13 of the Amended Complaint.

9    14.    John Hancock states that on March 4, 2009, John Hancock received a check in the

10 amount of $74,524.22 with respect to the Policy, that the check on its face states "Loan Payment

11 Policy UL 1200962," and that this loan payment was not sufficient to cure the default or avoid

12 termination of the Policy on May 1, 2009.  John Hancock otherwise denies knowledge or

13 information sufficient to form a belief as to the allegations in Paragraph 14 of the Amended

14 Complaint.

15    15.    John Hancock states that March 1, 2009 was a Grace Period Testing Date, that on

16 March 1, 2009 John Hancock performed the calculation referenced in Section 8 of the Policy, and

17 that John Hancock determined that a Policy Default occurred as of that date.  John Hancock

18 otherwise denies the allegations in Paragraph 15 of the Amended Complaint.

19    16.    John Hancock denies the allegations in Paragraph 16 of the Amended Complaint.

20 John Hancock respectfully refers the Court to the Policy for its true, complete, and accurate terms.

21    17.    John Hancock states that on or about March 4, 2009, John Hancock received a

22 check for $74,524.22 with respect to the Policy and that the check on its face states "Loan

23 Payment Policy UL 1200962."  John Hancock otherwise denies the allegations in Paragraph 17 of

24 the Amended Complaint.

25    18.    John Hancock states that on or about March 10, 2009, John Hancock received a call

26 from the Servicer about two insurance policies including the Policy at issue in this case, that the

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 4
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   Servicer asked John Hancock's representative for specific information about the Policy, that the

2   representative provided specific answers, and that the Servicer's questions were precise and

3   technical and reflected a sophisticated knowledge of the insurance product at issue.  John Hancock

4   further states that the Servicer did not ask the John Hancock representative to review or provide

5   any information about the Policy other than the specific information requested by the Servicer and

6   that the John Hancock Representative did not do so.  John Hancock further states that the Servicer

7   asked whether John Hancock received a loan payment for $74,524.22 and that John Hancock

8   responded that such loan payment was received on or about March 4, 2009.  John Hancock

9   otherwise denies the allegations in Paragraph 18 of the Amended Complaint.

10          19.      John Hancock denies the allegations in Paragraph 19 of the Amended Complaint.

11   John Hancock respectfully refers the Court to the Notice of Planned Premium and to the Policy for

12   their true, complete, and accurate terms.

13          20.      John Hancock denies the allegations in Paragraph 20 of the Amended Complaint.

14          21.      John Hancock denies the allegations in Paragraph 21 of the Amended Complaint,

15   except states that the Policy was properly terminated for non-payment of premiums and that

16   John Hancock complied with notice provisions as set forth in the Policy.  John Hancock

17   respectfully refers the Court to the Lapse Notice for its true, complete, and accurate terms.

18          22.      John Hancock denies the allegations in Paragraph 22 of the Amended Complaint.

19          23.      John Hancock states that it received a call from the Servicer on or about May 11,

20   2009, that a John Hancock representative advised the Servicer that the Policy had lapsed, and

21   otherwise denies the allegations in Paragraph 23 of the Amended Complaint.

22          24.      John Hancock respectfully refers the Court to Exhibit D of the Amended

23   Complaint, which is an internal John Hancock record, for its true, complete, and accurate contents.

24   John Hancock otherwise denies the allegations in Paragraph 24 of the Amended Complaint.

25          25.      John Hancock respectfully refers the Court to the Policy for its true, complete, and

26   accurate contents and otherwise denies the allegations in Paragraph 25 of the Amended Complaint.

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 5
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

26.     John Hancock states that Section 14 of the Policy permits reinstatement after John Hancock has received, among other things, "evidence of insurability satisfactory to us," that on or about May 20, 2009, John Hancock informed U.S. Bank that John Hancock declined U.S. Bank's request to waive the Policy's reinstatement requirements, and otherwise denies the allegations in Paragraph 26 of the Amended Complaint.

27.     John Hancock states that on or about May 27, 2009, John Hancock received a payment for $6,572 with regard to the terminated Policy, which it held in suspense, and otherwise denies the allegations in Paragraph 27 of the Amended Complaint.

28.     John Hancock states that on or about May 27, 2009, John Hancock received a payment for $111,447.25 in respect to the terminated Policy, which it held in suspense, and otherwise denies the allegations in Paragraph 28 of the Amended Complaint.

29.     John Hancock states that in early June 2009, John Hancock received a payment for $74,837.05, which it held in suspense, and otherwise denies the allegations in Paragraph 29 of the Amended Complaint.

30.     John Hancock admits that it received a letter from David A. Forkner of Williams & Connolly LLP dated on or about June 2, 2009 and respectfully refers the Court to that letter for its true, complete, and accurate contents.  John Hancock otherwise denies the allegations in Paragraph 30 of the Amended Complaint.

31.     John Hancock admits that it responded to Mr. Forkner's letter by letter from James C. Hoodlet dated August 26, 2009 and respectfully refers the Court to that letter for its true, complete and accurate contents  John Hancock otherwise denies the allegations in Paragraph 31 of the Amended Complaint.

32.     John Hancock denies the allegations in Paragraph 32 of the Amended Complaint.

33.     John Hancock denies the allegations in Paragraph 33 of the Amended Complaint and respectfully refers the Court to John Hancock's August 26, 2009 letter for its true, complete and accurate contents.

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 6
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

34.     John Hancock states that it received a check in the amount of $96,847.53 with respect to the terminated Policy in late August 2009, admits that in early September 2009, John Hancock returned the check for $96,847.53 to U.S. Bank, and admits that it mailed a check for $48,916.12 with respect to the terminated Policy to U.S. Bank in late August 2009. John Hancock further states that John Hancock refunded $192,855 by check dated on or about August 13, 2009 to US Bank, that this check represented the funds received by John Hancock after the Policy terminated, namely the $6,571 payment received on or about May 27, 2009, the $111,447.25 payment received on or about May 27, 2009, and the $74,837 payment received in early June, 2009, and otherwise denies the allegations in Paragraph 34 of the Amended Complaint.

35.     In response to Paragraph 35 of the Amended Complaint, John Hancock repeats and re-alleges its answers to Paragraphs 1 through 34 as though fully set forth herein.

36.     John Hancock denies the allegations in Paragraph 36 of the Amended Complaint.

37.     John Hancock denies the allegations in Paragraph 37 of the Amended Complaint and respectfully refers the Court to Section 8 of the Policy for its true, complete and accurate terms.

38.     John Hancock denies the allegations in Paragraph 38 of the Amended Complaint.

39.     John Hancock denies the allegations in Paragraph 39 of the Amended Complaint.

40.     John Hancock denies the allegations in Paragraph 40 of the Amended Complaint.

41.     John Hancock denies the allegations in Paragraph 41 of the Amended Complaint.

42.     John Hancock denies the allegations in Paragraph 42 of the Amended Complaint.

43.     In response to Paragraph 43 of the Amended Complaint, John Hancock repeats and re-alleges its answers to Paragraphs 1 through 42 as though fully set forth herein.

44.     John Hancock denies the allegations in Paragraph 44 of the Amended Complaint.

45.     John Hancock denies the allegations in Paragraph 45 of the Amended Complaint.

46.     John Hancock denies the allegations in Paragraph 46 of the Amended Complaint.

47.     John Hancock denies the allegations in Paragraph 47 of the Amended Complaint.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1    48.    John Hancock denies the allegations in Paragraph 48 of the Amended Complaint.

2    49.    John Hancock denies the allegations in Paragraph 49 of the Amended Complaint.

3    50.    John Hancock denies the allegations in Paragraph 50 of the Amended Complaint.

4    51.    John Hancock denies the allegations in Paragraph 51 of the Amended Complaint.

5    52.    John Hancock denies the allegations in Paragraph 52 of the Amended Complaint.

6    53.    John Hancock denies the allegations in Paragraph 53 of the Amended Complaint.

7    54.    John Hancock denies the allegations in Paragraph 54 of the Amended Complaint.

8    55.    John Hancock denies the allegations in Paragraph 55 of the Amended Complaint.

9    56.    John Hancock denies the allegations in Paragraph 56 of the Amended Complaint.

10    57.    John Hancock denies the allegations in Paragraph 57 of the Amended Complaint.

11    58.    In response to Paragraph 58 of the Amended Complaint, John Hancock repeats and

12    re-alleges its answers to Paragraphs 1 through 57 as though fully set forth herein.

13    59.    John Hancock denies the allegations in Paragraph 59 of the Amended Complaint.

14    60.    John Hancock denies the allegations in Paragraph 60 of the Amended Complaint.

15    61.    John Hancock denies the allegations in Paragraph 61 of the Amended Complaint.

16    62.    John Hancock denies the allegations in Paragraph 62 of the Amended Complaint.

17    63.    In response to Paragraph 63 of the Amended Complaint, John Hancock repeats and

18    re-alleges its answers to Paragraphs 1 through 62 as though fully set forth herein.

19    64.    John Hancock denies the allegations in Paragraph 64 of the Amended Complaint.

20    65.    John Hancock denies the allegations in Paragraph 65 of the Amended Complaint.

21    66.    John Hancock denies the allegations in Paragraph 66 of the Amended Complaint.

22    67.    In response to Paragraph 67 of the Amended Complaint, John Hancock repeats and

23    re-alleges its answers to Paragraphs 1 through 66 as though fully set forth herein.

24    68.    John Hancock denies the allegations in Paragraph 68 of the Amended Complaint.

25    69.    John Hancock denies the allegations in Paragraph 69 of the Amended Complaint.

26

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 8
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1    70.    In response to Paragraph 70 of the Amended Complaint, John Hancock repeats and

2 re-alleges its answers to Paragraphs 1 through 69 as though fully set forth herein.

3    71.    John Hancock denies the allegations in Paragraph 71 of the Amended Complaint.

4    72.    John Hancock denies the allegations in Paragraph 72 of the Amended Complaint.

5    73.    John Hancock denies the allegations in Paragraph 73 of the Amended Complaint.

6    74.    In response to Paragraph 74 of the Amended Complaint, John Hancock repeats and

7 re-alleges its answers to Paragraphs 1 through 73 as though fully set forth herein.

8    75.    John Hancock denies the allegations in Paragraph 75 of the Amended Complaint.

9    76.    John Hancock denies the allegations in Paragraph 76 of the Amended Complaint.

10    77.    John Hancock denies the allegations in Paragraph 77 of the Amended Complaint.

11    78.    In response to Paragraph 78 of the Amended Complaint, John Hancock repeats and

12 re-alleges its answers to Paragraphs 1 through 77 as though fully set forth herein.

13    79.    John Hancock denies the allegations in Paragraph 79 of the Amended Complaint.

14    80.    John Hancock denies the allegations in Paragraph 80 of the Amended Complaint.

15    81.    John Hancock denies the allegations in Paragraph 81 of the Amended Complaint.

16    82.    John Hancock denies the allegations in Paragraph 82 of the Amended Complaint.

17    83.    John Hancock denies the allegations in Paragraph 83 of the Amended Complaint.

18    84.    John Hancock denies the allegations in Paragraph 84 of the Amended Complaint.

19    85.    John Hancock denies the allegations in Paragraph 85 of the Amended Complaint.

20    86.    In response to Paragraph 86 of the Amended Complaint, John Hancock repeats and

21 re-alleges its answers to Paragraphs 1 through 85 as though fully set forth herein.

22    87.    John Hancock denies the allegations in Paragraph 87 of the Amended Complaint.

23    88.    John Hancock denies the allegations in Paragraph 88 of the Amended Complaint.

24    89.    John Hancock denies the allegations in Paragraph 89 of the Amended Complaint.

25    90.    John Hancock denies the allegations in Paragraph 90 of the Amended Complaint.

26

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 9
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

91.     In response to Paragraph 91 of the Amended Complaint, John Hancock repeats and re-alleges its answers to Paragraphs 1 through 90 as though fully set forth herein.

92.     John Hancock denies the allegations in Paragraph 92 of the Amended Complaint.

93.     John Hancock denies the allegations in Paragraph 93 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

John Hancock states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiff.  John Hancock reserves the right to assert further defenses as discovery progresses.

### First Affirmative Defense

1.     Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     Plaintiff's claims are barred by the applicable statute of limitation or the doctrine of laches.

### Third Affirmative Defense

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, waiver, and estoppel.

### Fourth Affirmative Defense

4.     The injuries, if any, alleged to have been sustained by Plaintiff were caused, in whole or in part, by Plaintiff's own acts and/or omissions or the acts and/or omissions of Plaintiff's own agents.

### Fifth Affirmative Defense

5.     The injuries, if any, alleged to have been sustained by Plaintiff were caused, in whole or in part, by parties other than John Hancock.

### Sixth Affirmative Defense

6.     Plaintiff's alleged damages, if any, were not proximately caused by John Hancock.

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 10
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

**Seventh Affirmative Defense**

2    7.    Plaintiff failed to mitigate any damages that it may have suffered.

3

4

**PRAYER FOR RELIEF**

5    WHEREFORE, John Hancock requests that the Court enter judgment as follows:

6    1.    Dismissing the Complaint in its entirety;

7    2.    Awarding costs for defending this action against Plaintiff; and

8    3.    Such other and further relief as is deemed just and proper.

9

10   DATED this 22nd day of September, 2010.

11

Respectfully submitted,

12

SUMMIT LAW GROUP PLLC

13

14

By /s/ Ralph H. Palumbo

15   Ralph H. Palumbo, WSBA #4751
Lynn M. Engel, WSBA #21934
16   *ralphp@summitlaw.com*
*lynne@summitlaw.com*

17

Alan B. Vickery *(Pro Hac Vice pending)*
18   John F. LaSalle III *(Pro Hac Vice pending)*
BOIES SCHILLER & FLEXNER LLP
19   575 Lexington Avenue
New York, New York  10022
20   Phone:  (212) 446-2300
Fax:  (212) 446-2350
21   avickery@bsfllp.com
jlasalle@bsfllp.com
22

23   *Attorneys for John Hancock Life Insurance Company (U.S.A.)*
24

25

26

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 11
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anne M. Bremner
James R. Lynch
STAFFORD FREY COOPER
3100 Two Union Square
601 Union Street
Seattle, WA  98101-1374
(206) 623-9900
*abremner@staffordfrey.com*
*jlynch@staffordfrey.com*


DATED this 22nd day of September, 2010.


/s/ Cheryl A. McCrum
Cheryl A. McCrum
Legal Assistant
SUMMIT LAW GROUP PLLC
315 Fifth Ave. S., Suite 1000
Seattle, WA  98104
Telephone:  (206) 676-7036
Facsimile:  (206) 676-7037
cherylm@summitlaw.com

ANSWER TO AMENDED COMPLAINT AND JURY
DEMAND - 12
CASE NO. 2:10-CV-01229 TSZ

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001